UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO RODRIGUEZ-GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO.<br>1:13-CV-00094 AWI<br>1:10-CR-00243 AWI<br><br>ORDER DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>(Doc. 12) |

This matter arises from the criminal conviction of Defendant/Petitioner Emilio Rodriguez-Gonzalez ("Petitioner"). Petitioner is currently incarcerated at the Taft Correctional Institution and is proceeding in this matter *in propria persona*. Petitioner brings a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Section 2255. For the following reasons, Petitioner's motion is DISMISSED without an evidentiary hearing.

I.    RELEVANT BACKGROUND

Petitioner was indicted on June 6, 2010 for a violation of 8 U.S.C. § 1326(a) and (b)(2) for the crime of Deported Alien Found in the United States. See Doc. 1.[1] Petitioner was removed from the United States on or about July 16, 2001, after being convicted of possession of cocaine base for sale on June 4, 1998 and sentenced to five years imprisonment. Doc. 1, 1:19-2:1. On or about March 16, 2009, Petitioner was found within the Eastern District of California, without express

---

[1] Docket citations refer to case no. 1:10-CR-00243.

consent of the U.S. Attorney General or the Secretary of the Department of Homeland Security. Doc. 1, 2:2-7.

On March 30, 2012, Petitioner entered into a voluntary plea agreement with his attorney. See Doc. 9. Petitioner entered a plea of guilty to the count in the indictment, and in which he also knowingly and voluntarily waived his rights to appeal his plea, conviction, and sentence, and agreed not to contest his sentence under Section 2255. Doc. 9, 2:24-26; 3:10-19. He agreed that he was a citizen of Mexico and not a citizen of the U.S. Doc. 9, 7:8-9. He recognized that the guilty plea may have consequences with respect to his immigration status. Doc. 9, 5:25-28.

On April 2, 2012 Petitioner was sentenced to forty-six months in custody and $100 penalty. Doc. 10.

On January 18, 2013, Petitioner filed the instant motion to vacate, set aside, or correct sentence by a person in federal custody. See Doc. 12. He identifies four grounds in support of his motion: 1) his father, wife, five children, and thirteen grandchildren live in California legally; 2) he is obligated to take care of his wife and father's medical conditions; 3) he resided in the U.S. for forty years; and 4) he will have no support system in Mexico if deported. Doc. 12, pp. 5, 6, 8, 9-10. Petitioner also states on his motion that his attorney advised him that it was too late to raise this issue. Doc. 12, p. 4.

On October 7, 2013, Petitioner filed "Additional briefing" which attached a "motion for Sentence relief" under "the Federal Bureau of Prisons Bureau Non-Violent Offender Relief Act of 2003 H.R. 3575." See Doc. 13, p. 3. The bill was never enacted and the motion has no basis in law. United States v. Lopez-Manjarrez, 2013 U.S. Dist. LEXIS 49654, *2 (D. Ariz. Apr. 4, 2013). The "Additional briefing" expresses remorse for his wrongdoing and requests forgiveness and reconsideration of his case because he is "old and tired" and believes that the forty-six -month sentence is "too much time." See Doc. 13, pp.1-2.

The Court addresses Petitioner's motion under Section 2255. The Court will consider Petitioner's "Additional briefing" as support for his Section 2255 motion.

II.     LEGAL STANDARDS

Section 2255 allows a prisoner in federal custody to move the sentencing court to vacate,

2

set aside or correct the sentence if he claims the right to be released upon any of the following four grounds: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) that the court was without jurisdiction to impose such sentence; 3) that the sentence was in excess of the maximum authorized by law; or 4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Under Rule 4(b) of the Rules Governing Section 2255 proceedings, the court must initially screen a Section 2255 motion, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief. See U.S. v. Quan, 789 F.2d 711, 715 (9th Cir.1986). "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." 28 U.S.C. § 2255 Proc. R. 4(b). The court shall serve notice of the motion upon the U.S. Attorney and grant a hearing on the motion unless the motion and the record of the case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

"The facts in a habeas petition need not be so detailed as to establish prima facie entitlement to habeas relief; they are sufficient if they suggest the real possibility that constitutional error has been committed." Calderon v. United States Dist. Court, 98 F.3d 1102, 1109 (9th Cir. 1996). A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." Id. The court must "construe pro se habeas filing liberally." Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir.2003).

III.   DISCUSSION

A.   Waiver

Generally, an express waiver of a statutory right, including Section 2255 petitions, bars the defendant from moving the sentencing court to vacate, set aside, or correct the sentence. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993); see also Washington v. Lampert, 422 F.3d 864, 870 (9th Cir. 2005). "A defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made." United States v. Watson, 582 F.3d 974, 986 (9th Cir. 2009).

Here, in the plea agreement, Petitioner waived his right to appeal and expressly waived his right contest his sentence under Section 2255. Petitioner agreed that the waiver of those rights was knowing and voluntary. Doc. 9, 3:10-12; 10:3-6; 10:28-11:4. Petitioner does not now assert that the waiver was involuntary or that he did not understand the waiver. The express language in the plea agreement indicates Petitioner's voluntary waiver of his right to file a Section 2255 motion. Since the language of the waiver explicitly precludes filing a Section 2255 motion, and that waiver was knowingly and voluntarily made, the waiver is enforceable, and his motion is barred by that waiver.

B.  The Possibility Of Entitlement To Relief

Even absent waiver, Petitioner's arguments lack merit and fail demonstrate the possibility of entitlement to relief under Section 2255. His alleged grounds for relief are his family obligations and connections in the U.S., which he believes should prevent his deportation. Petitioner does not challenge the constitutionality or legality of the sentence, nor that the court lacked jurisdiction to impose the sentence. He suggests that the forty-six month sentence is too long, but he does not allege that it was in excess of the legally authorized maximum, which, according to the plea agreement, was twenty years at the time. Doc. 9, 7:20-21. He does not allege that the sentence is otherwise subject to collateral attack.

To the extent that Petitioner may allege ineffective assistance of counsel by stating that his attorney advised him not to raise the point that all of his family members reside in California legally, Petitioner's claim is without merit. To establish ineffective assistance of counsel, a Defendant must show that his counsel's performance was deficient and that the petitioner was prejudiced as a result of this performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984). It is not deficient performance for an attorney to fail to raise the point that Petitioner's many family members are legal California residents. Assuming for the sake of argument that it was deficient, Petitioner would not be prejudiced for his attorney's omission.

Petitioner mentions that his family, including his father, reside in California legally either by green card or citizenship. Doc. 12, p. 4. His additional briefing states that he lived in the U.S. since he was thirteen, he was married in the U.S., and his children and grandchildren are all

citizens of the U.S. Doc. 13, p. 1. To the extent that Petitioner may allege ineffective assistance of counsel by stating that his attorney advised him not to raise or investigate a potential claim for derivative citizenship, Petitioner's claim does not raise the possibility of constitutional error. The substance of Petitioner's claim for relief is that deportation would leave him unable to care for his family and he would be without his family and support system. A claim of derivative citizenship requires a claimant to prove that at least one of his parents was or became a U.S. citizen, among various other requirements. See 8 U.S.C. § 1431; 8 U.S.C. § 1432 (repealed). Petitioner does not allege, nor can it be gleaned from the record, that either of his parents were ever U.S. citizens. Assuming for the sake of argument that Petitioner's attorney did not investigate a derivative citizenship claim or advised Petitioner not to raise the claim prior to entering the plea agreement, and such performance was deficient, Petitioner has not alleged facts that give rise to a cognizable claim of prejudice for his attorney's omission because Petitioner has not demonstrated facts that support a derivative citizenship claim.

Petitioner has not alleged in his motion that his attorney's performance was deficient, nor that Petitioner was prejudiced as a result of not disclosing his family ties and obligations in California; hence, he has not alleged ineffective assistance of counsel.

Petitioner's motion is barred because of Petitioner's voluntary waiver in the plea agreement of his right to bring the motion. Also, the motion and the record do not state facts showing a real possibility of constitutional error, and plainly demonstrate that the moving party is not entitled to relief under Section 2255 on the stated grounds.

VI.     APPEALABILITY

Unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken to the court of appeals from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255. 28 U.S.C. § 2253(c)(1); Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012). A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To do so, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 479, 120 S. Ct. 1595

(2000). The Ninth Circuit will not act on a motion for a COA if the district court has not ruled first. Ninth Cir. R. 22-1(a); Wilson v. Belleque, 554 F.3d 816, 827 (9th Cir. 2009).

Here, jurists of reason would not find it debatable whether Petitioner's motion states a valid claim of the denial of a constitutional right. The plea agreement demonstrates on its face a knowing and voluntary waiver of the right to challenge the sentence under Section 2255, and Petitioner has not raised new facts or allegations demonstrating the contrary. Petitioner's grounds for relief under Section 2255 are based on the existence of family support and obligations in the U.S., not on a denial of a constitutional right. Petitioner has not actually alleged that any constitutional right was denied, but that the Court should consider Petitioner's family situation, age, and remorse to shorten the sentence and prevent his deportation. These grounds are not redressable under Section 2255, which allows relief from sentences imposed in violation of the Constitution or U.S. laws, by a court lacking jurisdiction, or in excess of the maximum authorized by law, or sentences otherwise subject to collateral attack. A claim that Petitioner's attorney failed to raised the existence of family ties in California or a potential derivative citizenship claim, does not amount to prejudicial deficient performance that would support a claim of ineffective assistance of counsel.

Hence, the Court declines to issue a COA.

VII.   ORDER

Petitioner's motion is hereby DISMISSED without an evidentiary hearing.

The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   June 17, 2014                         _____
                                                SENIOR DISTRICT JUDGE